Dohoney, J.
The plaintiff is a chiropractor who rendered services to a Dorothy Sanderson for injuries sustained in a motor vehicle accident. Sanderson retained the defendant as her attorney for her accident claim. The plaintiff prepared a document which stated as follows:
I hereby give a lien to said physician on any settlement... and direct you, my attorney, to pay directly to said physician such sums as may be due ... and to withhold such sums from such settlement ... as may be necessary to protect said physician adequately
and was signed by Dorothy Sanderson. The document continued to state:
The undersigned, being attorney of record for the above patient, does hereby acknowledge receipt of the above lien, and does agree to honor the same to protect adequately said above named physician,
and was signed by the defendant.
The plaintiff continued to treat Sanderson. The defendant settled the case and disbursed the funds without any payment to the plaintiff. We were advised at argument that this was done pursuant to directions from Sanderson.
Both parties filed Motions for Summaryjudgment. The Trial Justice allowed the defendant’s Motion for Summary Judgment and denied the plaintiffs Motion for Summaryjudgment.
*91 The plaintiff seeks to either enforce a lien against the defendant or to recover on a contract theory.
The plaintiff claims a lien under G.L.M. Chapter 111, §70A However, this section applies only to a “lien for the reasonable and necessary charges of such hospital.” This section therefore does not give a lien to a chiropractor.
The plaintiff is correct, however, in asserting a contract theory of recovery. This theory begins with a recognition fo the possibility of a different type of lien. Equitable liens can be created in a variety of circumstances. See Fuss v. Fuss (No. 2), 373 Mass. 445 (1977) for the creation of an equitable lien for the payment of a gift tax; Goodspeed’s Book Shop, Inc. v. State Street Bank & Trust Co., 8 Mass. App. Ct. 147 (1979) for the creation of an equitable lien on the proceeds of a check used to pay for stolen goods. Here it is not necessary for us to determine the ultimate validity of the lien but only to recognize its possible validity. The defendant did not contest the validity but actually agreed to honor it. It is fair to conclude from the Report that the plaintiff continued to treat Sanderson based upon the promise of the defendant to withhold the money. Thus, the defendant’s actions come within the provisions of RESTATEMENT (SECOND) OF CONTRACTS (1981), Section 90 which provides
(1) A promise which the promisor should reasonably expect to induce action or forbearance on the part of the promisee or a third person and which does induce such action or forbearance is binding if injustice can be avoided only by enforcement of the promise.
This section has been recognized in Massachusetts. See Langton v. LaBrecque, 25 Mass. App. Ct. 463 (1988) and Teitelbaum v. Hallmark Cards, Inc., 25 Mass. App. Ct. 555 (1988). The plaintiff does not have to prove consideration because
when a promise is enforceable in whole or in part by virtue of reliance, it is a “contract” and it is enforceable pursuant to a “traditional contract theory” antedating the modern doctrine of consideration.
Loranger Construction Corp. v. E.F. Hauserman Co., 376 Mass. 757, 761 (1979).
Therefore by accepting the lien and agreeing to honor it,the defendant has made a promise and possibly induced reliance on the promise. He may therefore be liable for the cost of treatment rendered on such reliance
Having found error in the allowance of defendant’s Motion for Summary Judgment, the judgment for the defendant is reversed and the matter is remanded to the Northampton Division for trial. The denial of plaintiff’s Motion for Summary Judgment is affirmed.