Furnari, J.
This is a report of the allowance of the plaintiff-therapist's motion for summary judgment against the defendant-lawyer for payment of a bill for services rendered to the lawyer's client.
*21 The complaint was in five counts: counts I, II and III were against the client Michael J. Veglia (“Veglia”) and counts IV and V were against the lawyer, Joseph P. Márchese, Jr. (“Márchese”). Count IV was based upon an express, written agreement, captioned “Doctor's Lien”, that Márchese would pay the plaintiff for services rendered to Veglia and that such payment would be taken out of any settlement he secured in behalf of his client. Count V is based upon Marchese's written acknowledgment of receipt of the lien and his agreementto honor the same and to protect adequately the plaintiff-therapist.
Márchese filed an answer denying substantially all of the allegations of the complaint, and a counterclaim alleging malicious abuse of process and resulting actual and consequential damages.
Defendant Veglia failed to appear or answer, and a default was entered against him.
The primary issue in this case is whether an attorney may be held personally liable for a therapist's bill for services rendered to the attorney's client upon a document containing language described below. The plaintiff seeks payment for services rendered to Veglia between February 10,1984 and January 2,1985, which allegedly resulted from Veglia's sustaining injuries in an auto accident on June 18, 1982. Subsequent to the conclusion of Veglia's therapy, both he and his attorney, Márchese, executed a document dated, January 25,1985 and captioned “Doctor's Lien.” Pursuant to the provisions of such document, Veglia effectively acknowledged full responsibility for the therapist's bills and gave
a lien[2] to said doctor on any settlement, claim, judgment, or verdict as a result of said accident/illness, and authorized] and directed]... [his] attorney... to pay directly to said doctor such sums as may be due and owing him for services rendered... and to withhold such sums from such settlement, claim, judgment, orverdict as may be necessary to protect said doctor adequately.
Theform further provided that Veglia understood that the “agreement [was] made solely for said doctor's additional protection and in consideration of his awaiting payment_”
Márchese also signed the “Doctor's Lien” form directly under a section acknowledging receipt of the lien, which provided:
The undersigned, being attorney of record... for the above patient does hereby acknowledge receipt of the above lien, and does agree to honor the same to protect adequately said above named doctor.
Márchese settled the motor vehicle tort case in 1987 in behalf of his client, Veglia, for a total amount of $18,000.00, and released the net proceeds of the settlement to Veglia without any deduction for the plaintiff-therapist's bill. Márchese did not inform plaintiff Chirban that the case had been settled.
Chirban learned of the case settlement in August, 1987, and promptly made demand upon Márchese for payment. When no payment was received, Chirban instituted the present action against both Veglia and Márchese.
Plaintiff Chirban filed a Dist./Mun. Cts. R. Civ. P., Rule 56 motion for summary judgment against Márchese. A default judgment had been previously entered against Veglia. Márchese did not file a counter-affidavit, but did appear at the Rule 56 hearing to argue orally. The trial court allowed Chirban's motion and entered summary judgment on May 3,1989 for $4,000,.00 plus interest and costs against Márchese. This report duly followed.[3]
Summary judgment is appropriate “if the pleadings, depositions, answers to interrogatories, and admissions of file, together with the affidvits, if any, *22 show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.” Dist./Mun. Cts. R. Civ. P., Ride 56. See also Pederson v. Time, Inc., 386 Mass. 367, 371 (1982), cert. den. 459 U.S. 970. Upon review of the entry of summary judgment, all materials which were available to the trial judge must be examined in the light most favorable to the non-moving party to determine whether, as a matter of law, they support the moving party's claim. Yakubowicz v. Paramount Pictures Corp., 404 Mass. 624, 626 (1989). We conclude they did, and hereby affirm the trial court's allowance of the plaintiffs motion for summary judgment against defendant Márchese.
The essence of the plaintiffs claim is the “Doctor's Lien” document executed by both defendants. Márchese does not deny its execution, but argues that the agreement is invalid and unenforceable as to him. Márchese resists any personal obligation for the therapist's bills in question on several grounds, the following of which were briefed: 1) lack of consideration for the “Doctor's Lien”; 2) lack of causal relationship between the alleged treatment and the auto accident; 3) an error in the balance sought by the plaintiff in the form of a duplicitous charge for a one hour visit by Veglia on October 26,1986:[4] 4) possible payment of the plaintiffs bills because Veglia was eligible for public assistance at the time of the treatment and 5) the allegation that the attorney's only obligation under the Code of Professional Responsibility was to his client.
Consideration, causation and payment are generally questions of fact for the trial court. Marchese's mere allegation of the existence of material issues of fact was, however, insufficient to defeat summary judgment herein. It is well established that a non-moving party may not rest on his pleadings, general denials or inferences therefrom. Turner v. McCune, 4 Mass. App. Ct. 864 (1976); John B. Deary, Inc. v. Grant, 4 Mass. App. Ct. 719, 722 (1976). To avoid the entry of summary judgment, the party opposing the motion is required to advance sufficient and explicit facts detailing the existence of a material issue warranting a trial on the merits. See, e.g., Commonwealth v. Colonial Motor Sales, Inc., 11 Mass. App. Ct. 800, 804-807 (1981); The Royal Bank of Canada v. Connolly, 9 Mass. App. Ct. 905 (1980). Márchese failed to file a counter-affidavit herein, and the conclusory language and general allegations of his pleadings were insufficient to foreclose the entry of summary judgment in the plaintiffs favor. Oral argument in the form of conjecture as to possible payment by the Department of Public Welfare, a billing duplication or the lack of a causal relationship between Chirban's services and Veglia's auto accident did not constitute the designation of disputed material facts necessitating the denial of the plaintiffs Rule 56 motion.
We note also that the Professional Code of Responsibility relative to the disbursement of funds is not applicable to the instant case, wherein there is an express agreement executed by the client in advance of any settlement, setting forth instructions and an authorization for the attorney to make direct payment to the therapist. See Blue Cross of Mass., Inc. v. Travaline, 398 Mass. 582 (1986)..
The trial court's Rule 56 order holding defendant Márchese hable for his client's therapist bills herein may be sustained[5] on the basis of the doctrine of promissory estoppel which permits recovery if (1) a promisor makes a promise which he should reasonably expect to induce action or forbearance of a definite and substantial character on the part of the promisee, (2) the promise does induce such action or forbearance and (3) injustice can be avoided only by *23 enforcement of the promise. Loranger Construc. Corp. v. E.F. Hauserman Co., 6 Mass. App. Ct. 152 (1978), aff'd 376 Mass. 757 (1979). See RESTATEMENT (SECOND) OF CONTRACTS, §90(1) (1981).
The three parties to this action entered into an express written agreement. The terms of such agreement are unequivocal and clearly set forth the intention of the parties. As primary obligor, the client, defendant Veglia, made a payment of $580.00 and there is no evidence of any factual dispute by Veglia as to the quality, necessity or extent of the therapist services performed by plaintiff Chirban. It is also clear that the client “authorize[d] and direct[ed]” his lawyer to make direct payment to the plaintiff.
The lawyer, defendant Márchese, did agree to “honor” the debt and “protect” the plaintiff, very basic and certain terms. The dictionary meanings clearly indicate a commitment to undertake an affirmative obligation:
“Honor - to be on or be upon one's honor, to accept and acknowledge personal responsibility for one's actions.
“Protect - to defend or guard from attack, invasion, loss, annoyance, insult, etc., cover or shield from injury.”
Random House Dictionary, 1966 Edition. The general rules of contract construction require that words be given their ordinary and usual meaning unless to do so would result in a manifest absurdity or inconsistency. Zarum v. Brass Mill Materials Corp., 334 Mass. 81, 84 (1956).
The plaintiff did not proceed with any collection action against Veglia from January, 1985 until after he discovered that Veglia and Márchese had failed and refused to honor their obligation. Given Veglia's default in the present action and the allegation of his status as a public assistance recipient, it is probable that the plaintiff would, in any event, have been unable to collect payment for his services from Veglia. The plaintiff had been induced to rely on the promises set forth by Veglia and Márchese in the parties' “Doctor's Lien”, and substantial injustice would result if such agreement were not now enforced.
Accordingly, the trial court's entry of summary judgment for the plaintiff against defendant Márchese is affirmed. Report dismissed.

 It was admitted at oral argument that the statutory hospital lien set forth in G.L. c. Ill, §70A is not applicable to individual medical practitioners.

 On May 10,1984, Márchese filed a Dist./Mun. Cts. R. Civ. P., Rule 59(e) Motion to Alter or Amend Judgment with a request for hearing thereon. The motion was denied “without hearing, none being required.” No reference to this motion was made in the defendant's brief or argument

 At most, it would appear to be a $70.00 error. .

 In the absence of a statement of the court's reasons for the allowance of a Rule 56 motion, any ground or theory of law supporting such allowance may be considered. Cady v. Plymouth-Carver Regional School Dist., 17 Mass. App. Ct. 211, 213 (1983)