Coven, J.
Plaintiff George Basbanes filed two actions to recover an attorney’s fee which were consolidated for trial in the Lowell Division. The action against defendant Josephine Umbro (“Umbro”) is based on a written fee agreement signed by all parties. The second action alleges that defendants Philip R Boncore, P.C. (“Boncore,”) and Dante DeMichaelis (“DeMichaelis”), Umbra’s attorneys in a separate tort action, guaranteed payment to the plaintiff of his attorney’s fee out of the proceeds of the tort action settlement.
In February, 1986, Kenneth and Josephine Umbro, residents of New Hampshire, sought legal representation by Attorney Philip R Boncore in a Massachusetts tort action arising out of two motor vehicle accidents in which Kenneth Umbro had been involved. The Umbras also discussed with Boncore a second action in New Hampshire which allegedly arose out of the faulty construction of their New Hampshire home. Attorney DeMichaelis, an employee of Boncore, P.C., was assigned to represent the Umbras in the Massachusetts tort case.
DeMichaelis solicited the plaintiff, an attorney who practiced in New Hampshire, *209 to represent the Umbros in their home construction case. DeMichaelis drafted a written fee agreement covering such representation for signature by the Umbros, as clients, and by the plaintiff and DeMichaelis (on behalf of Boncore) as attorneys. Prior to the plaintiff’s acceptance of the Umbros’ construction case and signature of the fee agreement, DeMichaelis represented to the plaintiff that the plaintiffs fees for the construction case would be paid out of the proceeds of the settlement of the Umbros’ tort case. The fee agreement, which was then signed by all parties, provided that the Umbros would pay the attorneys the higher of either two hundred ($200.00) dollars per hour, or one-third of any recovery. The agreement was silent as to how payment would be made. |
Although the Umbros later claimed that they became dissatisfied with the manner in which the plaintiff was handling the construction action, they never asked the plaintiff to withdraw from the case, and the plaintiff did not do so voluntarily. Ultimately, the construction case was dismissed by a New Hampshire court for reasons unrelated to the quality of the plaintiff’s legal services.
In August, 1988, the tort case was settled. The Umbros demanded the proceeds of the tort settlement, and instructed DeMichaelis not to pay the plaintiff from those proceeds, nor to inform him that the tort case had been settled. The proceeds, after expenses, were turned over to the Umbros, and DeMichaelis never informed the plaintiff of the settlement.
The plaintiff submitted a bill in the amount of $23,014.25 for his legal services in the construction case. That fee was never paid; and this action was commenced when the plaintiff learned that the Umbros tort case had been settled and that he had not been paid out of the proceeds.
At the close of the plaintiff s evidence at trial, each of the defendants filed individual motions for a “directed finding,” which were denied by the court. After the funds from which the plaintiff would be pad, and that the plaintiff had relied on that representation to his detriment in accepting the Umbros’ construction case and providing legal services to them. The judgment was later amended to $18,000.00 to correspond with the amount the Umbros had received in the tort settlement.
Defendants Boncore, P.C. and DeMichaelis[2] now appeal from a denial of their earlier summary judgment motion, and from the trial court’s denial of their motions for a directed finding filed at the close of the plaintiffs case, their Dist./Mun. Cts. R Civ. P., Rule 64(b) requests for rulings of law, and their motion for a new trial. The defendants’ principal contention on this appeal is that the plaintiffs claim that they guaranteed payment of the Umbros’ legal fees amounts to a claim that they orally promised to answer for the debt of another which is unenforceable under the Statute of Frauds, G.L.c. 295, §1. The court’s judgment, however, was not based on such oral promise to answer for the Umbros’ debt, but on the concept of promissory estoppel. See Loranger Construc. Corp. v. E. F. Hauserman Co., 376 Mass. 757 (1978); Chirban v. Veglia, 1990 Mass. App. Div. 20, 22-23. Moreover, it is unnecessary to address even this issue, as it is clear that the Dist/Mun. Cts. R. Civ. P., Rule 41(b) (2) motions for a “directed finding” filed by Boncore and DeMichaelis should have been allowed.
Defendant DeMichaelis, an employee of Boncore, was at all times acting as an agent for the Umbros in securing the legal services of the plaintiff. That DeMichaelis was acting solely on their behalf was clearly disclosed to the plaintiff. Absent any other agreement, a person who makes or purports to make a contract for a disclosed principal does not become aparty to that contract and is not liable on that contract. Cort v. Bristol-Myers Co., 385 Mass. 300, 305 n.5 (1982); Porshin v. Snider, 349 Mass. 653, 655 (1965); Cass v. Lord, 236 Mass. 430, 432 (1920); RESTATEMENT (SECOND) OF AGENCY, §320 (1958).
There is no evidence that DeMichaelis personally engaged the plaintiff or entered *210 into any individual contract with him as part of any role played by DeMichaelis in the litigation of the New Hampshire case. Compare Burt v. Gahan, 351 Mass. 340, 342-343 (1966). Noris thisacase where thedefendants failed in any way to disclose their status as attorney/agents for identified principals. See Atlantic Salmon A/S v. Curran, 32 Mass. App. Ct. 488, 492 (1992).
Defendants Boncore and DeMichaelis had no duty to turn over funds collected for their client to the plaintiff in the absence of either a prior agreement with their clients to do so, or a specific statutory provision. Blue Cross of Mass. Inc. v. Travaline, 398 Mass. 582, 589-590 (1986). See also, Frontier Enterprises, Inc. v. Anchor Co. of Marblehead, 404 Mass. 506, 512-513 (1989). Compare Chirban v. Veglia, supra at 22. There was no such agreement in the instant case. In fact, defendants Boncore and DeMichaelis were expressly prohibited by their clients from making any payment to the plaintiff from the settlement proceeds. If the defendants had withheld the tort settlement monies from their clients, the Umbros, in direct contravention of their clients’ explicit instructions, the defendant/attorneys could have faced penalties for statutory violations as well as violations of the Canons of Ethics. See G.L.c. 231, §51; SJ.C. Rule 3-07, DR9-102(B) (4).
As agents of a disclosed principal, with no explicit agreement rendering them personally liable, defendants Boncore and DeMichaelis had no obligation to turn over the proceeds of the Umbros’ tort settlement to the plaintiff, and could not be held liable herein for afailure to do so. The trial court’s judgment against defendants Boncore and DeMichaelis is hereby vacated, the denial of their motions for a directed finding is reversed, and a judgment pursuant to Rule 41(b)(2) is to be entered in favor of defendants Boncore and DeMichaelis. The court’s judgment for the plaintiff against defendant Umbro is hereby affirmed. So ordered.

 While the report before this Division was filed on behalf of all the defendants, the rulings at issue therein do not pertain to any argument or defense raised by defendant Umbro.