Greco, J.
This is a Dist./Mun. Cts. R. A. D. A., Rule 8A appeal by the defendant of the denial of his motion for summary judgment and the court’s allowance of the plaintiff’s summary judgment motion.
A.G.S. Physical Therapy, Inc. (“AG.S.”) brought this action against Attorney Michael Molloy (“Molloy”) to recover payment of a bill for physical therapy services rendered to Molloy’s client, Philip Camerano (“Camerano”). Camerano had sustained injuries in a May 10,1991 automobile accident, and obtained treatment by AG.S. from November 15,1991 through January 10,1992. At the commencement of that therapy on November 15, 1991, Camerano signed a “Medical Care Provider’s Lien” by which he authorized AG.S. to furnish Molloy with a full report of his treatment; gave AG.S. a lien on any amount recovered as a result of the accident; and directed Molloy to pay A.G.S. “such sums as may be due and owing” it for services rendered and to “withhold such sums from such settlement, claim, judgment, or verdict as may be necessary to protect... [AG.S.] adequately.”
Some months after his client signed that Lien, Molloy received two checks for Personal Injury Protection benefits for his client from Liberty Mutual Insurance Company. Both checks were made payable jointly to Camerano and Molloy. The first check, dated March 2, 1992 in the amount of $2,000.00, was endorsed and negotiated by Molloy and Camerano on March 3,1992. On the same day, Molloy turned over the proceeds of the check to his client. On May 28, 1992, a second check in the amount of $1,296.00 was received. It appears to have been negotiated on June 3.1992. However, the record does not indicate when, or even if, the proceeds were actually given to Camerano.
On July 2,1992, Molloy acknowledged receipt of the Lien signed by his client and signed it himself, thereby “agree [ing] to honor the same to protect [A.G.S.] adequately.” Camerano has since died, although the record does not disclose the date of his death.
As the trial judge correctly noted, Molloy’s liability under the type of Lien at issue in this case was recognized in Chirban v. Veglia, 1990 Mass. App. Div. 20, aff’d 31 Mass. App. Ct. 1116 (1991). This Division therein held that an attorney’s obligation under such Lien to pay a medical provider from insurance proceeds rests on contract principles and, particularly, on the doctrine of promissory estop-pel. Id. at 22-23. See also, Boyle v. Soforenko, 1989 Mass. App. Div. 90, 91.
The problem in the present case, however, is the sequence of events. It is evident that Molloy turned over the proceeds from at least the first check to Camer-ano, his client, well before he obligated himself under the Lien to do anything in favor of AG.S. It is not clear whether the proceeds of the second check were also turned over to Camerano before Molloy’s execution of the Lien on July 2, 1992. The timing of these events is obviously dispositive of the plaintiff’s claim, for Mol- *54 loy could not be held liable for a breach of an obligation he had not yet assumed. While it is difficult to understand why the parties failed to address the issue of the sequence of events, either in the trial court or before this Division, a factual ambiguity remains which renders this case inappropriate for resolution by summary judgment at this time.
Accordingly, the trial court’s allowance of the plaintiffs Dist./Mun. Cts. R. Civ. R, Rule 56 motion is reversed, its entry of summary judgment for the plaintiff is vacated, and this case is returned to the Malden Division for further proceedings. It may well be that the facts in issue will be easily clarified so as to permit this matter to be disposed of short of trial.