JOHN PORSHIN *vs.* HYMAN SNIDER & another.

Suffolk.    November 3, 1965. — December 3, 1965.

Present: SPALDING, CUTTER, KIRK, SPIEGEL, & REARDON, JJ.

*Agency,* Scope of authority or employment, Agent's contract. *Corporation,* Officers and agents. *Contract,* Of employment, Parties.

The mere fact that one was the general manager of a corporation "with authority to hire and fire" did not authorize him to make in behalf of the corporation a contract with a prospective employee whereby the employee, upon leaving his then employment elsewhere and going to work for the corporation, would have "a permanent job" with it "as long as it was in business." [654]

One purporting to make a contract in behalf of a disclosed principal does not himself become a party to the contract unless it is so agreed. [655]

CONTRACT. Writ in the Superior Court dated January 9, 1963.

The action was tried before *Moynihan, J.*

*Joseph B. Abrams* (*Robert T. Abrams & Albert M. Friedman* with him) for the plaintiff.

*Lawrence H. Norris* (*Monroe L. Inker* with him) for the defendants.

SPALDING, J.    This is an action of contract in two counts. One is against the Universal Shoe Corporation (Universal); the other is against Hyman Snider individually.

The evidence most favorable to the plaintiff is as follows. In April, 1945, Snider "negotiated with the plaintiff . . . to come to work in Sanford, Maine . . . [for Universal] at . . . ($125.00) per week, plus board and room valued at . . . ($30.00) per week." At this time the plaintiff was employed as a stitching room foreman in a shoe factory in Haverhill at $100 per week. The plaintiff had been in the shoe business since 1905 and was "interested in his future security." Snider told the plaintiff "he would have a permanent job with [Universal] 'as long as it was in business' and if the . . . [plaintiff] 'wouldn't be able to work . . . [Snider] would take care of . . . [him]' . . . . 'You got security as long as the factory exists, you will work with me.' " Relying on this arrangement, the plaintiff gave up his job in Haverhill and worked with Universal in Sanford, Maine, for thirteen years. Snider was general manager of Universal at the time of the hiring "with authority to hire and fire." He had been general manager for over twenty years and continued as such throughout the period of the plaintiff's employment. In 1957 the plaintiff had a stroke but came back to work after seven weeks. In 1958 Snider offered the plaintiff $600 if he would resign from his job but the plaintiff refused. On the following day "Snider fired him." Motions for directed verdicts presented by the defendants were allowed by the judge subject to the plaintiff's exceptions.

1. Apart from the question of Snider's authority, we assume that a contract of this sort would be enforceable to the extent indicated in *Carnig* v. *Carr,* 167 Mass. 544. However, no evidence was offered which could support a finding of either express or implied authority in Snider to bind the corporation by this type of contract. The mere fact that he was general manager of Universal, with authority to hire and fire, cannot be said to clothe him with ostensible authority to make a contract for permanent employment. *Braden* v. *Trustees of Phillips Academy,* 321 Mass. 53. *Simonelli* v. *Boston Housing Authy.* 334 Mass. 438. Nor was there any evidence which would warrant a

finding of ratification by Universal. The direction of the verdict, therefore, in favor of Universal on the first count reveals no error.

2. The direction of the verdict in favor of Snider on the second count was likewise proper. It is plain that he was attempting to contract on behalf of Universal. "Unless otherwise agreed, a person making or purporting to make a contract for a disclosed principal does not become a party to the contract." Restatement 2d: Agency, § 320 and comment a. Seavey, Law of Agency, § 70D. *Lyon* v. *Williams,* 5 Gray, 557. *Goodenough* v. *Thayer,* 132 Mass. 152. *Cass* v. *Lord,* 236 Mass. 430, 432. Compare *Mendelsohn* v. *Holton,* 253 Mass. 362, 365.

*Exceptions overruled.*