TELEPHONE ANSWERING SERVICE OF BOSTON, INC. *vs.* NEW ENGLAND TELEPHONE & TELEGRAPH COMPANY. March 1, 1971. In an action of contract or tort the plaintiff appeals from an order of the Superior Court sustaining generally the defendant's demurrer to the plaintiff's substitute declaration. There is no merit to the plaintiff's appeal. A proper declaration must contain the " essential averments which state a case with reasonable clarity and are sufficient to enable the . . . [defendant] to plead to it intelligently and directly." *Pipeline Constr. Co. Inc.* v. *Jaffee, ante,* 813. In none of the nine counts of its declaration has the plaintiff sustained this burden. A recitation of the allegations in each count would serve no useful purpose.

"[W]here . . . the gist of the action, whatever its form and however stated, is failure to perform a duty arising out of a contract, or out of a relation created by a contract, and the cause of action depends upon that contract properly interpreted, it is essential to state with 'substantial certainty' the facts showing the existence of the contract and the legal effect thereof." *Pollock* v. *New England Tel. & Tel. Co.* 289 Mass. 255, 261. Count nine which attempts to set forth an action of tort against the defendant for alleged interference with a contract is lacking in the essential elements for such an action. *McGurk* v. *Cronenwett,* 199 Mass. 457, 461.

*Order sustaining demurrer affirmed.*

*Philip Raoul Tetu* (*C. Frederick Bent, III,* with him) for the plaintiff.
*Leon F. Sargent* (*John F. Desmond* with him) for the defendant.