## CONTINENTAL INSURANCE COMPANY

v.

## JOHN ALDEN TRANS-PORTATION COMPANY

### No. 235

District Court Department
Appellate Division, Southern District
Trial Court of the
Commonwealth of Massachusetts

**May 7, 1981**

**Mark A. Leahy** counsel for plaintiff
**Melvin H. Margolis** counsel for defendant

### OPINION

**LEE, P. J.** This is an action sounding in contract wherein the plaintiff seeks to recover a balance allegedly due for workmen's compensation insurance furnished to the defendant in the sum of eighteen hundred thirty-three dollars ($1,833.00).

The defendant entered a denial of the allegations.

The court found for the plaintiff in the sum of eighteen hundred thirty-three dollars ($1,833.00) with interest in the sum of seventy-three dollars and thirty-two cents ($73.32), a total of nineteen hundred and six dollars and thirty-two cents ($1,906.32).

At the trial there was evidence tending to show that at the request of an insurance agency known as John D. Walsh Insurance Agency, the plaintiff issued a workmen's compensation policy for a period April 11, 1975 to April 11, 1976, and renewals thereof terminating on May 6, 1976, covering the defendant.

The books of the defendant were audited in July 1976, and a determination was made that a premium of eighteen hundred thirty-three dollars ($1,833.00) was earned as a result of the compilation of the names of the employees and the rates under the workmen's compensation law.

The plaintiff billed John D. Walsh Insurance Agency for those premiums.

The only testimony came from the auditors of the plaintiff corporation as a result of their audit on the defendant's books.

The defendant filed five requests for rulings of law that were acted upon by the trial justice, who also filed findings of fact.

The court found the following facts:

Plaintiff issued to the defendant corporation, workmen's compensation insurance policies for the periods April 11, 1975 to April 11, 1976 and renewals thereof terminating as of May 6, 1976. As a result of an audit of defendant's books conducted on July 14, 1976 at the office of defendant's attorney at 18 Tremont Street in Boston, a determination was made that $1,833.00 in outstanding premiums unpaid was due. The policies in question were brokered through the agency of John D. Walsh, but at all times relevant were billed to the defendant and covered compensation risks assumed by the defendant for its employees. Defendant presented no testimony in rebuttal, admits the existence of the corporation and presented no evidence of payment or that the plaintiff expected payment from any other source then defendant.

This is a matter involving a disclosed principal, where the agent acting within the scope of his authority cannot be held liable unless he expressly agrees to become personally responsible, and the plaintiff must look to that disclosed principal for satisfaction.

Porshin v. Snider, 349 Mass. 653, 655 (1965);

Cass v. Lord, 236 Mass. 430, 432 (1920);

Goodenough v. Thayer, 132 Mass. 152, 154, 155 (1882).

In this case there is no evidence that the agent John D. Walsh Insurance Agency bound itself to this contract.

The existence of an agency relationship is a question of fact for the jury or the court.

Stern v. Lieberman, 307 Mass. 77, 81 (1940);

Raymond Syndicate, Inc. v. American Radio and Research Corp. 263 Mass. 147, 152 (1928);

Hamilton v. Coster, 249 Mass. 391, 394 (1924).

The evidence clearly shows that Workmen's Compensation Insurance was acquired by the defendant through its broker agent, John D. Walsh Insurance Agency for a period of April 11, 1975 through April 11, 1976.

In addition a party may be held liable for contracts made on its behalf by subsequently ratifying the conduct of the agent. Ratification may be made by accepting the benefits of the agreement.

DiLorenzo v. Atlantic National Bank of Boston 278 Mass. 321, 327 (1932);

Boice-Perrine Co. v. Kelley, 243 Mass. 327, 330, 331. (1923)

In short there is a valid contract here made by the agent within the scope of his authority representing a disclosed principal and if there was any question of unauthorization (we find no such evidence) the actions of the agent were subsequently ratified by the conduct of the defendant in accepting the benefits of the contract instead of promptly disavowing the contract.

There being sufficent evidence for the Court's finding and no prejudicial error on its rulings or requests for rulings of law, the report is dismissed.

So ordered.

**Edward A. Lee, Presiding Justice**
**Daniel H. Rider, Justice**
**Richard O. Staff, Justice**