43 F.3d 1456
 NOTICE: First Circuit Local Rule 36.2(b)6 states unpublished opinions may be cited only in related cases.
In Re: SAN JUAN DUPONT PLAZA HOTEL FIRE LITIGATION.
Federico Quinones ARTAU, Plaintiff, Appellant,
v.
HOTEL SYSTEMS INTERNATIONAL, et al., Defendants, Appellees.
 No. 94-1009
 United States Court of Appeals,
First Circuit.
 Dec. 14, 1994
 
 Appeal from the United States District Court for the District of Puerto Rico [Hon. Raymond L. Acosta, U.S. District Judge ]
 Roberto Roldan Burgos and Bufete Jose Antonio on brief for appellant.
 James M. Harris, Theodore A. Pianko, and Sidley & Austin on brief for appellees.
 D. Puerto Rico
 AFFIRMED.
 Before SELYA, Circuit Judge, BOWNES, Senior Circuit Judge, and CYR, Circuit Judge.
 Per Curiam.
 
 
 1
 This case arises from the now-infamous conflagration that devastated the San Juan Dupont Plaza Hotel on New Year's Eve (December 31, 1986). Plaintiff-appellant Federico Quinones Artau, an assistant district attorney, was called to the scene in his official capacity and spent the better part of several days there. He claims that his exposure to conditions at the site (e.g., copious amounts of smoke) made him ill. Consequently, he filed for, and received, workers' compensation benefits.
 
 
 2
 In due course, appellant's thoughts turned to a potential third-party recovery. To this end, he filed suit in the United States District Court for the District of Puerto Rico. His suit named a variety of persons and firms allegedly instrumental in causing the blaze or aggravating its deleterious effects, and sought damages for personal injury, including pain and suffering, lost earnings, medical expenses, and the like. The district court, after first requiring appellant to flesh out his claims, dismissed the suit for failure to state a cause of action upon which the court might grant relief. See Fed. R. Civ. P. 12(b)(6). This appeal eventually ensued.[1]
 
 
 3
 We need not linger. In this diversity case, the substantive law of Puerto Rico controls. See Crellin Technologies, Inc. v. Equipmentlease Corp., 18 F.3d 1, 4 (1st Cir. 1994) (citing Erie R.R. Co. v. Tompkins, 304 U.S. 64, 78 (1938)). Puerto Rico adheres to an expanded version of the hoary "Fireman's Rule," recast in modern times as the "Professional Rescuer's Rule." Under that rule, there is no tort liability when, as in this case, the risk created by the defendants' conduct is one that the plaintiff predictably encounters when he enters upon private property in the course of carrying out his professional duties as, say, a firefighter or police officer. See Soto Rivera v. Tropigas de P.R., Inc., 117 D.P.R. 863, 867 (1986); see also Ortiz Andujar v. E.L.A., 122 D.P.R. 817 (1988); Alvarado v. United States, 798 F. Supp. 84, 87-88 (D.P.R. 1992). Appellant's case seems to fit squarely within the four corners of the Soto Rivera doctrine, as his injuries arose in the course of his employment, he received benefits (i.e. workers' compensation) for those injuries from the State Insurance Fund, and he assumed the risk of the conditions existing at the fire scene when he reported for duty.[2]
 
 
 4
 To be sure, we recognize that appellant strives valiantly to distinguish his case from earlier precedents, largely on the ground that district attorneys, unlike, say, firefighters or police officers, are not usually, or even regularly, assigned to visit fire scenes, and are not customarily exposed to peculiar environmental hazards in performing their wonted duties. But we must apply Puerto Rico law in this case, and the Puerto Rico Supreme Court has given no indication that it will carve out any exception to the Soto Rivera doctrine, let alone honor the novel distinction that appellant seeks to draw. That ends the matter: we have repeatedly warned that a litigant who, like appellant, deliberately chooses "to reject a state-court forum in favor of a federal forum ... is in a perilously poor position to grumble" about the federal court's unwillingness to blaze new, uncharted state-law trails. Kassel v. Gannett Co., 875 F.2d 935, 950 (1st Cir. 1989). Accord Porter v. Nutter, 913 F.2d 37, 40-41 (1st Cir. 1990); Croteau v. Olin Corp., 884 F.2d 45, 46 (1st Cir. 1989); Cantwell v. University of Massachusetts, 551 F.2d 879, 880 (1st Cir. 1977). We may, perhaps, be unadventurous in our interpretation of Puerto Rico law, but a plaintiff who seeks out a federal venue in a diversity action should not anticipate greater daring. Affirmed. See 1st Cir. Loc. R. 27.1.
 
 
 
 [1]
 We leave to one side the questions that appellees have raised concerning the timeliness of the appeal. See In re D.C. Sullivan Co., 843 F.2d 596, 598 (1st Cir. 1988) (explaining that, where a decision on the merits is straightforward and will resolve the case in favor of the party asserting want of appellate jurisdiction, the appellate court, in its discretion, may hinge its decision on the merits instead of on the jurisdictional issue)
 
 
 [2]
 We base our decision on a slightly different ground than that employed by the district court. We view such a shift as well within our authority. See Garside v. Osco Drug, Inc., 895 F.2d 46, 49 (1st Cir. 1990) (explaining that an appellate court is free to affirm a judgment on any independently sufficient ground made manifest by the record); Polyplastics, Inc. v. Transconex, Inc., 827 F.2d 859, 860-61 (1st Cir. 1987) (same)