ANNE MARIE SHEA *vs.* EMMANUEL COLLEGE & another.[1]

Suffolk. May 7, 1997. - August 18, 1997.

Present: WILKINS, C.J., ABRAMS, O'CONNOR, GREANEY, & MARSHALL, JJ.

*Contract,* Employment, Interference with contractual relations. *Public Policy.*
*Employment,* Termination.

Public policy protects from discharge an at-will employee who, in good faith,
reports criminal conduct in her place of employment, not to public authori-
ties, but to her superiors within the employing unit. [762-763]
In a claim for wrongful discharge, the plaintiff did not establish on the record
of a motion for summary judgment that her discharge was for a reason
contrary to public policy and judgment was correctly entered for the
defendant. [763-764]
On a claim for intentional interference with an employment contract, the rec-
ord on the defendant's motion for summary judgment did not permit the
inference that the defendant acted with "actual malice" in discharging the
plaintiff. [764]

CIVIL ACTION commenced in the Superior Court Department on
April 27, 1993.

The case was heard by *Margaret R. Hinkle,* J., on a motion
for summary judgment.

After review by the Appeals Court, the Supreme Judicial
Court granted leave to obtain further appellate review.

*Paul A. Manoff* for the plaintiff.

*Clare F. Carroll* for the defendants.

WILKINS, C.J. We granted further appellate review to assess
the accuracy of the shared conclusion of a Superior Court judge
and the Appeals Court that the plaintiff, who was an at-will
employee, may not obtain redress from her former employer,
Emmanuel College, when, as the plaintiff claims, the college
discharged her for reporting within the college's administration
the apparent theft of funds from the office in which she worked.
We also consider the plaintiff's claim that the defendant Black,

[1]Edward J. Black.

her former supervisor, intentionally interfered with her employment. A Superior Court judge allowed the defendants' joint motion for summary judgment, and the Appeals Court affirmed in a memorandum and order under its rule 1:28. 42 Mass. App. Ct. 1101 (1997). We affirm the judgment of the Superior Court.

1. We have recognized that, in certain circumstances, an at-will employee may maintain an action against her former employer for wrongful discharge. See *Upton* v. *JWP Businessland, ante* 756, 757 (1997), and cases cited. The question is whether a well-established public policy is served by denying the employer the right freely to discharge an employee for engaging in particular conduct. *Id.* The Appeals Court viewed the summary judgment evidence most favorable to the plaintiff as indicating "that the plaintiff was discharged at the behest of Black for bringing to the attention of college officials a pilferage problem in the office headed by Black, reflecting badly on Black's administration of the office and suggesting ongoing criminality." The Appeals Court and the motion judge concluded that public policy is not violated when an employer discharges an employee for reporting criminal activity if the reports were made, not to public officials, but only within the employing unit.

In *Mello* v. *Stop & Shop Cos.*, 402 Mass. 555 (1988), we assumed, without deciding, that an at-will employee who told his employer of criminal wrongdoing occurring within his company would be entitled to recover for a wrongful discharge, "even though before discharge he did not complain to public authorities." *Id.* at 560 n.6. Each authority cited by the Appeals Court in support of the trial court's grant of summary judgment to the college involved an at-will employee who was discharged for objecting to the policies or the manner of operation of his or her former employer, but none involved a report or complaint about an alleged violation of the criminal law. See *King* v. *Driscoll*, 418 Mass. 576, 582-585 (1994); *Wright* v. *Shriners Hosp. for Crippled Children*, 412 Mass. 469, 472-476 (1992); *Smith-Pfeffer* v. *Superintendent of the Walter E. Fernald State Sch.*, 404 Mass. 145, 149-151 (1989); *Mello* v. *Stop & Shop Cos., supra* at 560.

The distinction of importance is between a discharge for an employee's internal complaint about company policies or the violation of company rules, for which liability may not be imposed, and an internal complaint made about the alleged

violation of the criminal law for which we now decide that liability may be imposed. In an opinion released the day after the entry of the Appeals Court memorandum and order in this case, a judge of the United States District Court for the District of Massachusetts correctly anticipated that this court "would not require the employee to complain outside the organization to claim the public policy exception for whistleblowers in a case like this." *Smith* v. *Mitre Corp.*, 949 F. Supp. 943, 950 (D. Mass. 1997). In that case, the employee had reported fraud and false statements in claims made by the employer as a Federal contractor.[2] A policy that protects an at-will employee who, in good faith, reports criminal conduct in her place of employment to public authorities, but does not protect an at-will employee who in good faith reports such conduct to her superiors, would be illogical. See *Byle* v. *Anacomp, Inc.*, 854 F. Supp. 738, 746 (D. Kan. 1994). In neither case should the reporting of suspected criminal activity be discouraged by the threat of discharge.[3]

Although we reject the grounds on which summary judgment in favor of the college was entered, we agree that entry of summary judgment for the college was appropriate. We have reviewed the summary judgment record, taking the evidence in the light most favorable to the plaintiff, and conclude that she has failed to rebut a fact that, standing unrebutted, shows that she is not entitled to relief. See *Kourouvacilis* v. *General Motors Corp.*, 410 Mass. 706, 711 (1991). There is no dispute that the plaintiff was an at-will employee. In the face of that fact, she had an obligation to present facts on the record that supported her claim that she was discharged for reporting criminal conduct to her superiors. An assertion or speculation that the college discharged her for that reason is not sufficient to create a dispute of material fact concerning the reason for her

[2]In *Smith* v. *Mitre Corp.*, 949 F. Supp. 943 (D. Mass. 1997), the victim of the allegedly unlawful conduct was a third party, and not, as here, the employer itself. In our case, the intensity of any public policy in favor of protecting a whistleblower is, therefore, arguably somewhat less.

[3]That such an employer, when it is the victim of the alleged criminal conduct, may choose to ignore, to condone, or even to ratify the reported criminal wrongdoing is irrelevant. An employer should not be permitted to justify the discharge of such an employee by deciding after the fact that the reported, seemingly criminal wrongdoing was tolerable or even accepted company practice. See *Belline* v. *K-Mart Corp.*, 940 F.2d 184, 189 (7th Cir. 1991).

discharge. See *Doe* v. *Liberty Mut. Ins. Co.*, 423 Mass. 366, 368 (1996). In her deposition, the plaintiff testified that she had no facts to support her claim that the defendant Black fired her in an effort to cover up his own responsibility for the alleged thefts. The record contains nothing to support the claim that the college discharged the plaintiff for a reason contrary to a well-established public policy.

2. There remains the plaintiff's claim that Black intentionally interfered with her employment contract. To prevail on this claim, the plaintiff must prove that (1) she had an employment contract with the college, (2) Black knowingly induced the college to break the contract, (3) Black's interference, in addition to being intentional, was improper in motive or means, and (4) she was harmed by Black's actions. *Wright* v. *Shriners Hosp. for Crippled Children*, 412 Mass. 469, 476 (1992). The improper motive or means required is "actual malice." See *King* v. *Driscoll*, 418 Mass. 576, 587 (1994); *Boothby* v. *Texon, Inc.*, 414 Mass. 468, 487 (1993). Actual malice is any "spiteful, malignant purpose, unrelated to the legitimate corporate interest." *Wright* v. *Shriners Hosp. for Crippled Children*, *supra* at 476.

The evidence in the summary judgment record would not permit the inference that Black acted with "actual malice" in arranging for the plaintiff's discharge. The record is replete with examples (some supplied by the plaintiff herself) of the troubles that the plaintiff was having on the job. Moreover, as we have said, the plaintiff admitted in her deposition that she had no facts to support her claim that Black had discharged her because he was trying to cover up the fact of the missing funds. Because Black produced unrebutted evidence that would justify the plaintiff's discharge and the plaintiff produced no evidence that Black had a spiteful, malignant purpose in making that discharge, the judge properly granted summary judgment on the intentional interference claim.

*Judgment affirmed.*