Daniel DeCARLO, Plaintiff,

v.

David B. SULLIVAN, Defendant.

Civil Action No. 94–12552–RCL.

United States District Court,
D. Massachusetts.

Oct. 22, 1997.

**60**

Philip N. Beauregard, Beauregard & Burke, New Bedford, MA, for Daniel DeCarlo.

John P. Francoeur, City of Fall River Law Dept., Fall River, MA, for Planning Bd. of City of Fall River, Raymond B. Arruda, Paul Solomon, Murielle Pellerin, Richard Croteau, Antonio Luongo, David Sullivan and City of Fall River.

James W. Clarkin, Clarkin & Lucey, Fall River, MA, for Sean Flynn.

### MEMORANDUM AND ORDER

YOUNG, District Judge.

Daniel DeCarlo ("DeCarlo"), a city planner formerly employed by the Planning Board of the city of Fall River (the "City"), commenced this action against City Councillor David B. Sullivan ("Sullivan"). After a trial before this Court, the jury found Sullivan liable for intentional interference with the employment relationship between DeCarlo and the City, and awarded DeCarlo damages in the amount of $55,000.00. Sullivan now moves for judgment notwithstanding the verdict.

### I. ANALYSIS

■ In support of his motion, Sullivan relies upon this Court's prior decision in *Doyle v. Hasbro, Inc.*, 884 F.Supp. 35 (D.Mass. 1995), *aff'd on other grounds*, 103 F.3d 186, 196 (1st Cir.1996). In *Doyle*, this Court dismissed an intentional interference with advantageous relations claim on the ground that, as matter of Massachusetts law, "[an employee] cannot be considered a third party interfering with the relationship between his employer [ ] and the plaintiffs." *Id.* at 40.[1]

■ Upon closer examination of the extant Massachusetts case law, this Court concludes that its statement in *Doyle* was erroneous.[2] An intentional interference claim brought against an employee for interfering with the relationship between the plaintiff and the defendant's employer is analyzed properly under the same framework as any other intentional interference claim. *See, e.g., Shea v. Emmanuel College*, 425 Mass. 761, 682 N.E.2d 1348, 1350–51 (1997); *O'Brien v. New England Tel. & Tel. Co.*, 422 Mass. 686, 687–90, 664 N.E.2d 843 (1996); *Boothby v. Texon, Inc.*, 414 Mass. 468, 487, 608 N.E.2d 1028 (1993); *Wright v. Shriners Hosp. for Crippled Children*, 412 Mass. 469, 476, 589 N.E.2d 1241 (1992); *Gram v. Liberty Mutual Ins. Co.*, 384 Mass. 659, 663, 429 N.E.2d 21 (1981). Thus, to prevail in this case, DeCarlo had the burden of proving that 1) he had an employment relationship with

---

1. In *Doyle*, this Court also gave an alternative ground for its dismissal of the intentional interference with advantageous relations claim, noting that the " 'lawful business' element of the tort is lacking" because the plaintiff essentially argued that the defendant interfered with an unlawful kickback scheme. On appeal, the First Circuit affirmed on this alternative ground only, and did not reach the issue presented in the case at bar. *See Doyle v. Hasbro, Inc.*, 103 F.3d 186, 196 (1996).

2. After all, "foolish consistency is the hobgoblin of little minds." Ralph W. Emerson, *Self-Reliance*, in *The Best of Ralph Waldo Emerson* 119, 127 (1941).

the City, 2) Sullivan knowingly interfered with that relationship, 3) Sullivan's interference, in addition to being intentional, was improper in motive or means, and 4) he was harmed by Sullivan's actions. *Shea,* 682 N.E.2d at 1350–51; *Wright,* 412 Mass. at 476, 589 N.E.2d 1241; *Mass Cash Register, Inc. v. Comtrex Sys. Corp.,* 901 F.Supp. 404, 421–22 (D.Mass.1995) (Saris, J.). The improper motive or means required is "actual malice," which the Supreme Judicial Court has defined as a "spiteful, malignant purpose, unrelated to the legitimate corporate [or in this case governmental] interest." *Shea,* 682 N.E.2d at 1351 (quoting *Wright,* 412 Mass. at 476, 589 N.E.2d 1241).

At trial, this Court instructed the jury regarding each of these elements. As it was undisputed that Sullivan actively campaigned for DeCarlo's termination, and that the success of his lobbying ultimately pressured De-Carlo into resigning, this case turned on the question of whether Sullivan's actions were improper in motive or means. Although Sullivan testified that he was looking out for the city's best interests in seeking DeCarlo's termination because he genuinely believed that DeCarlo had engaged in improper conduct unbecoming of a city employee, it is clear from the face of the verdict that the jury instead credited DeCarlo's version of events and determined that Sullivan acted against DeCarlo out of personal animus after the two had a falling out. As "reasonable persons could [ ] have reached the conclusion that the jury embraced," *Sanchez v. Puerto Rico Oil Co.,* 37 F.3d 712, 716 (1st Cir.1994), this Court must deny Sullivan's motion for judgment notwithstanding the verdict.

## II. CONCLUSION

For the foregoing reasons, this Court hereby **DENIES** Sullivan's [90–1, 90–2] motion for judgment notwithstanding the verdict, or in the alternative for new trial.