Fremont-Smith, Thayer, J.
After hearing defendants’ motion is DENIED as to Count One. Although there was admittedly no written employment contract, the complaint does allege that she was terminated in retaliation for her complaints about the company’s breaches of public policy and was made a scapegoat for the company’s derelictions in that regard.
In Flesner v. Technical Communications Corp., 410 Mass. 805 (1991), the SJC expanded the public policy doctrine to protect conduct neither expressly prohibited nor expressly required by statute and recognized an exception to the at-will rule for employees fired for cooperating with law enforcement agencies investigating their employers. Flesner was stopped and questioned by U.S. Customs officials while on a business trip to Argentina. His cooperation with Customs agents led to an investigation of his employer’s export practices. Flesner’s employer subsequently forced him to resign, and he filed an action for wrongful discharge. The SJC held that Flesner’s cooperation with Customs, while not actually required by law, could fall into the category of “important public deeds,” the performance of which is not absolutely required by law but is still protected by the public policy doctrine. Id. at 811 n.3 (stating “whistle-blowing" may fall into the category of protected important public deeds).
In Shea v. Emmanuel College, 425 Mass. 761, 762-63 (1997), the SJC held that an employee will be protected from termination for lodging internal complaints with her superiors about criminal wrongdoing rather than reporting to public authorities. The Court stated: “The distinction of importance is between a discharge for an employee’s internal complaint about company policies or the violation of company rules, for which liability may not be imposed, and an internal complaint made about the alleged violation of the criminal law for which we now decide that liability may be imposed.” Id.
In Riley v. Green, 15 Mass L. Rptr. 367 (Muse, J.) (2002), the Superior Court invoked the public policy doctrine to protect a whistle-blower who complained about alleged violations of federal drug safety laws. The plaintiff, employed by a drug company to review human test data, discovered dangerous flaws in the research which posed a safety threat. She reported her findings to the company, which, she alleged, then filed false reports with the FDA. She complained to her superiors about the company’s practices and was subsequently discharged. In allowing the plaintiffs claim for wrongful termination, the court stated: “This Court is also persuaded by holdings that whistleblowing on fraud and false claims, even when that whistleblowing is confined within the company, is sufficiently important to command the invocation of the exception.” Id. at 368. See also, Tighe v. Career Systems Development. Corp., 915 F.Sup. 476 (D.Mass. 1996).
As the facts in this case are not fully developed, a determination of whether this case falls within the public policy exception must await a Rule 56 motion after completion of discovery. Although no specific factual support is alleged as to Charles H. Sherwood’s involvement in any wrongdoing, this too should be resolved by a Rule 56 motion after completion of discovery.
The motion to dismiss Count Two is ALLOWED, as there was admittedly no employment contract, and no specific reliance by plaintiff on any unambiguous specific promise is alleged. The allegations of Count *394 Two as to a breach of the implied covenant of good faith and fair dealing are redundant to the cause of action alleged in Count One.
The motion to dismiss Count Three is also ALLOWED, as no particularized allegations of fraud or of reliance on fraud are made, but only allegations of generalized assurances.[1]
ORDER
Accordingly, for these reasons and the other reasons stated in defendants’ memorandum in support, defendants’ motion is DENIED as to Count One but is otherwise ALLOWED.

She was given assurances that she would be evaluated in good faith and that Anika acted in good faith and in compliance with FDA requirements.