**Not for Publication in West's Federal Reporter**

# United States Court of Appeals
## For the First Circuit

No. 21-1371

ANITA SEIFER,

Plaintiff, Appellant,

v.

GOVERNMENT EMPLOYEES INSURANCE COMPANY,

Defendant, Appellee.

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

[Hon. Timothy S. Hillman, U.S. District Judge]

Before

Lynch, Kayatta, and Gelpí,
Circuit Judges.

Mark Ellis O'Brien on brief for appellant.
Michael D. Schollard and Harding Gurley, LLP on brief for
appellee.

May 13, 2022

**GELPÍ, Circuit Judge.** Plaintiff-Appellant Anita Seifer (Seifer) brought suit against Defendant-Appellee Government Employees Insurance Company (GEICO) in the District of Massachusetts, alleging the breach of an implied-in-fact contract. GEICO moved to dismiss the claim pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon which relief can be granted. The district court granted the motion to dismiss. We affirm, albeit on different grounds than the district court.[1]

## I. Background

When reviewing a district court's grant of a motion to dismiss, we glean the well-pleaded facts from the plaintiff's complaint. See SEC v. Tambone, 597 F.3d 436, 438 (1st Cir. 2010).

Seifer underwent anterior cervical discectomy and fusion surgery in March 2014. On April 22, 2015, while Seifer was still recovering from surgery, a vehicle that was insured by GEICO struck the car she was driving from behind. She estimates that the car was driving approximately twenty miles per hour when it struck her. Seifer went to the emergency room following the accident. She subsequently began to experience new and severe neck pain and her doctor found that she suffered whiplash after the accident.

---

[1] Affirming on different grounds than those relied on by the district court is explicitly allowed by our precedent. See In re Montreal, Me. & Atl. Ry., Ltd., 888 F.3d 1, 8 n.4 (1st Cir. 2018) ("When reviewing the grant of a motion to dismiss for failure to state a claim, we are not wed to the lower court's reasoning but may affirm on any ground supported by the record.").

Months after the incident, by the summer of 2015, Seifer's condition worsened. She continued to have pain in her neck, it became difficult for her to move her legs and arms, and her hands went numb. She was seen by a physical therapist, who took a magnetic resonance imaging scan (MRI) and diagnosed her with spinal cord compression. Based on the results of the MRI, Seifer then required another surgery on her spinal cord, wherein bone would be cut away to reduce pressure on the same. This surgery took place on November 30, 2015, and Seifer remained in the hospital for seven days in order to recover. Following this second surgery, Seifer continued to suffer a myriad of medical problems, which have hindered her ability to work as a registered nurse.

Seifer alleges in her complaint that an implied-in-fact contract arose between herself and GEICO when it offered compensation for her injuries and underwent negotiations with her attorney regarding the amount of compensation. She claims that GEICO breached the implied covenant of good faith and fair dealing by "repeatedly solicit[ing] identical work-related documentation" and failing to evaluate her personal injury claim within the three-year statute of limitations for tort claims. Seifer claims damages in the amount of $1,000,000 as compensation for her pain and suffering and her inability to work.

At the district court, GEICO moved to dismiss the complaint for failure to state a claim. Seifer responded to the same and filed a motion to amend her first amended complaint. The district court granted GEICO's motion to dismiss and denied Seifer's motion to amend the complaint.[2] This timely appeal followed.

## II. Discussion

## A. Standard of Review

"We review the grant of a motion to dismiss de novo." Squeri v. Mount Ida Coll., 954 F.3d 56, 65 (1st Cir. 2020) (quoting Starr Surplus Lines Ins. Co. v. Mountaire Farms Inc., 920 F.3d 111, 114 (1st Cir. 2019)). In order to survive a motion to dismiss, Seifer's complaint "need not plead 'detailed factual allegations.'" Tambone, 597 F.3d at 442 (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)). Nevertheless, it "must contain sufficient factual matter . . . to state a claim to relief that is plausible on its face." Saldivar v. Racine, 818 F.3d 14, 18 (1st Cir. 2016) (alteration in original) (internal quotation marks omitted) (quoting Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)). The motion to dismiss may be granted "[i]f the factual

---

[2] In her brief to this court, Seifer does not argue that the district court was incorrect to deny her motion to amend the complaint. Therefore, as a matter of well-settled law, said argument is waived. See United States v. Mayendía-Blanco, 905 F.3d 26, 32 (1st Cir. 2018).

allegations in the complaint are too meager, vague, or conclusory to remove the possibility of relief from the realm of mere conjecture." Squeri, 954 F.3d at 66 (quoting Barchock v. CVS Health Corp., 886 F.3d 43, 48 (1st Cir. 2018)).

B. **Analysis**

As an initial matter, Seifer did not file suit against the driver of the vehicle that struck her own within the three-year statute of limitations for tort claims under Mass. Gen. Laws ch. 260, § 2A. The accident took place on April 22, 2015 and the complaint was filed on November 30, 2018. Seifer thus has no judgment against the tortfeasor, GEICO's insured.

Seifer alleges in her complaint that an implied-in-fact contract arose between herself and GEICO for the compensation of her injuries, and that GEICO then breached the implied covenant of good faith and fair dealing by allowing the three-year statute of limitations for tort claims to pass without evaluating her claim. Under Massachusetts law, which applies to this diversity case, to "determin[e] whether an enforceable contract has been created 'there must be agreement between the parties on the material terms of that contract, and the parties must have a present intention to be bound by that agreement.'" Doe v. Trs. of Bos. Coll., 892 F.3d 67, 89 (1st Cir. 2018) (quoting Lambert v. Fleet Nat'l Bank, 865 N.E.2d 1091, 1095 (Mass. 2007)). In turn, thus, the elements that Seifer must plead to support a breach of contract claim are as

follows: that "there was an agreement between the parties; the agreement was supported by consideration; the plaintiff was ready, willing, and able to perform his or her part of the contract; the defendant committed a breach of the contract; and the plaintiff suffered harm as a result." Squeri, 954 F.3d at 71 (quoting Bulwer v. Mount Auburn Hosp., 46 N.E.3d 24, 39 (Mass. 2016)). When, as in the instant case, there is no express agreement between the parties, a court may find that an implied-in-fact contract has arisen based on "the conduct and relations of the parties." Id. (quoting Sullivan v. O'Connor, 961 N.E.2d 143, 153 (Mass. App. Ct. 2012)). To survive a motion to dismiss on a breach of contract claim, "[i]t is essential to state with 'substantial certainty' the facts showing the existence of the contract and the legal effect thereof." See id. (quoting Tel. Answering Serv. of Bos., Inc. v. New Eng. Tel. & Tel. Co., 267 N.E.2d 918, 919 (Mass. 1971)).

Here, at the motion to dismiss stage, Seifer has failed to meet her burden of demonstrating that a contract existed between herself and GEICO. In her complaint, Seifer states that an "implied-in-fact contract arose between [her] and [GEICO] when [GEICO] offered to compensate [Seifer] for her injuries and entered into an ongoing exchange . . . to evaluate the dollar value of the claim." This conclusory allegation fails to meet the pleading standard for a motion to dismiss as it does not "state a claim to

- 6 -

relief that is plausible on its face." See Saldivar, 818 F.3d at 18. It does not set forth the essential elements needed to prove the existence of a contract -- namely, a meeting of the minds between the parties and the requisite consideration for said agreement. See Squeri, 954 F.3d at 71. Moreover, Seifer fails to provide any of the terms of the agreement needed to establish its existence and the corresponding responsibilities that each party undertook. See id.

GEICO's letter to Seifer dated October 10, 2015, wherein GEICO notified her that they would evaluate her claim and make a settlement offer upon receipt of additional information, and its subsequent letter on January 5, 2018, stating that no such information had been received, further belies the conclusion that there was any agreement between the parties or present intention to be bound by said agreement.

## III. Conclusion

We need go no further. The decision of the district court is

**AFFIRMED**.