AMERICO LOPES, trustee,[1] *vs.* CITY OF PEABODY. October 30, 1997. *Practice, Civil,* Judgment, Amendment, Costs. *Judgment,* Amendment.

This is an appeal from a Land Court judge's denial of the plaintiff's post-judgment motion for the assessment of costs — $21,485.08 expended by the plaintiff in prosecuting against the defendant, the city of Peabody, a regulatory takings claim under the Fifth Amendment to the United States Constitution and art. 10 of the Massachusetts Declaration of Rights. We granted the plaintiff's application for direct appellate review. The Land Court's judgment in this case was entered on March 31, 1995, after our order of remand in *Lopes* v. *Peabody,* 417 Mass. 299 (1994).[2] On April 7, 1995, approximately one week after the judgment entered, the plaintiff timely filed his first motion to amend the judgment. In it, the plaintiff asked that the judgment explicitly provide that his property had, indeed, been the subject of a temporary regulatory taking. That motion was allowed, and an amended judgment entered on May 11, 1995. The plaintiff filed no appeal from either the original or the amended judgment.

On October 4, 1995, nearly five months later, the plaintiff served a "motion

---

[1]Of the 841 Lake Realty Trust.

[2]See *Lopes* v. *Peabody,* 417 Mass. 299, 300-302 (1994), for details concerning the lengthy procedural history of this case.

for assessment of costs," denial of which is the subject of this appeal. He argues that G. L. c. 261, §§ 1 and 13, and Mass. R. Civ. P. 54 (d), 365 Mass. 820 (1974), entitle him to recover his costs. (He also contends that he is entitled to be reimbursed $9,105.23 by the city for real estate taxes that he paid during the period while his property was temporarily taken by the city.[3] )

The plaintiff's motion is aptly characterized as one under Mass. R. Civ. P. 59 (e), 365 Mass. 827 (1974), which seeks to alter or amend the judgment so as to provide for the assessment of court costs against the city.[4] Such a motion, according to rule 59 (e) "shall be served *not later than 10 days after entry of judgment*" (emphasis supplied). See Reporters' Notes to Mass. R. Civ. P. 59 (e), Mass. Ann. Laws, Civil Procedure, at 552 (1997). The cases consistently hew to the position that motions under rule 59 that have been served *after* the prescribed ten-day period has elapsed are untimely and may not be considered. *Bernier* v. *Boston Edison Co.*, 380 Mass. 372, 388 n.17 (1980). *Holder* v. *Gilbane Bldg. Co.*, 19 Mass. App. Ct. 214, 219-220 (1985). See also J.W. Smith & H.B. Zobel, Rules Practice § 59.15 (1977 & Supp. 1997); J.R. Nolan, Civil Practice § 862 (2d ed. 1992). Federal authority on Fed. R. Civ. P. 59 (e), on which our own rule is based, is the same. See C.A. Wright, A.R. Miller & M.K. Kane, Federal Practice and Procedure § 2817, at 180 n.10 (1995).

In *Carver* v. *Waldman*, 21 Mass. App. Ct. 958, 959 (1986), the Appeals Court reached the substance of a rule 59 (e) motion that had been served only two days late by reading that motion back to an earlier motion having "similar" content. But the court expressed its reservations as to the propriety of doing so. *Id.* We are not at all inclined to "stretch" matters here in order to reach the merits of the plaintiff's claim for costs. Unlike the situation in *Carver*, the plaintiff's first motion had nothing whatever to do with the assessment of court costs or the reimbursement of real estate taxes paid to the city.

The motion was filed more than four and one-half months late and, for that reason alone, was properly denied.

*Order affirmed.*

*Nicholas J. Decoulos* for the plaintiff.
*Lawrence J. O'Keefe* for the defendant.

---

[3] The plaintiff's claim for other damages occasioned by the temporary taking of his property is the subject of a separate action pending in the Superior Court. See *id.* at 302-303 n.7.

[4] The failure to assess costs (particularly where, so far as we can tell, costs were not expressly requested during the proceedings before the Land Court) does not constitute the sort of error or omission in the judgment that might have been corrected through a motion for relief from judgment under Mass. R. Civ. P. 60, 365 Mass. 828 (1974). Contrast *Liquor Liab. Joint Underwriting Ass'n. of Mass.* v. *Hermitage Ins. Co.*, 419 Mass. 316, 325 & n.7 (plaintiff's untimely motion under Mass. R. Civ. P. 59 [c], 365 Mass. 827 [1974], considered under rule 60 [a], where judgment already awarded the plaintiff prejudgment interest and the motion merely sought to provide court clerk with information needed to calculate that interest). We decline to consider the plaintiff's motion as one for relief from judgment.