Curtin, J.
This is a Dist/Mun. Cts. R A D. A, Rule 8C, appeal of the court’s denial of the defendants’ Mass. R Civ. E, Rule 60(b), motion for relief from an amended default judgment
The facts are undisputed. Plaintiff Connolly Accuchem Corp. (“Connolly”) furnished cleaning products to defendant Eclectic Foods, Inc. (“Eclectic”) for which it was not paid. Connolly filed this action on May 17, 2000 in three counts. The first two, against Eclectic only, sought $3,766.24 in damages for breach of contract and upon an account annexed. The third complaint count, against both Eclectic and defendant Jack Benjamin (“Benjamin”), the president of Eclectic, alleged that the defendants committed unfair and deceptive acts in violation of G.L.c. 93A in issuing corporate checks to Connolly which were returned for insufficient funds.
Connolly served four summonses on May 24,2000. The first two identified the defendant as “Roberta C. Benjamin, Agent to Eclectic Foods, Inc. of 84 Bay Street, Weston, MA” The second two identified the defendant as “Jack Benjamin, President of Eclectic Foods of 84 Bay Street, Weston, MA” The sheriffs return recited that the summonses, together with copies of the complaint, statement of damages and other documents, were left at the last and usual place of abode of, respectively, “Roberta C. Benjamin, Agent to Eclectic Foods, 84 Bay State Road, Weston, MA” and “Jack Benjamin, President of Eclectic Foods, 84 Bay State Road, Weston, MA” None of the summonses named either Eclectic or Jack Benjamin, individually, as the defendant None of the summonses was served at either Eclectic’s corporate address at 251 Newbury Street, Boston, or at its principal place of business, to which Connolly had delivered all cleaning supplies, at 11 Boylston Street, Chestnut HilL Both Eclectic addresses were set forth in Connolly’s complaint
On June 28, 2000, defaults were entered against both defendants for their fail-rues to answer. On August 15, 2000, the court entered a default judgment in the amount of $3,766.24 against both defendants upon Connolly’s Mass. R Civ. E, Rule 55(b) (3), motion, which specifically stated that its claim was for a sum certain. The motion was supported by the affidavit of Connolly’s counsel attesting to the nature of Connolly’s claim as one for a sum certain. On August 21, 2000, however, Con *206 nolly filed a motion to amend judgment to add G.L.c. 93A attorney’s fees. The motion was never served on either defendant Connolly’s motion was allowed on September 8, 2001, and an amended judgment was finally entered on November 22, 2000 in the amount of $3,766.24, plus $2,959.94 in attorney’s fees, $489.61 in interest and $174.31 in costs.
On November 27,2000, the defendants filed motions to vacate the default judgment pursuant to Rule 60(b) (1), (b) (4) and (b) (6) on the grounds of insufficient process and service of process, and lack of notice or service of Connolly’s post-judgment motion. The defendants’ motions were denied on January 5, 2001, and this appeal followed.
1. Rule 59(e) of the Mass. R. Civ. P. expressly mandates that a motion to alter or amend judgment “shall be served not later than 10 days after entry of the judgment” Arthur D. Little, Inc. v. East Cambridge Sav. Bank, 35 Mass. App. Ct. 734, 742-743 (1994). A motion served after the ten day period is “untimely and may not be considered.” Lopes v. Peabody, 426 Mass. 1001, 1002 (1997). Connolly’s motion was never served at all, and should have been denied by the trial court
Even apart from the strictures of Rule 59(e),[3] the defendants were entitled to notice of Connolly’s motion and an opportunity to be heard. Where reasonable attorney’s fees are sought, an assessment of damages'hearing is customarily required. J.P. Const. Co. v. Stateside Builders, Inc., 45 Mass. App. Ct. 920 (1998); Shawmut Bank, N.A. v. Chase, 34 Mass. App. Ct. 266, 269 (1993). This is particularly true in the instant case where, as noted, Connolly’s Rule 55(b) (3) motion sought a default judgment for “sum certain” damages with no reference to attorney’s fees.
Therefore, the allowance of Connolly’s motion to amend judgment is reversed, and the amended default judgment entered against both defendants on November 22,2000 is hereby vacated.
2. The remaining question is whether the defendants were entitled to Rule 60(b) relief from the original default judgment entered against them on August 15,2000.
The defendants correctly contend that the summonses served by Connolly were patently defective. The necessary form and content of a summons are prescribed by Mass. R Civ. E, Rule 4(b), which requires that a summons shall, inter alia, “contain... the names of the parties, be directed to the defendant [and] state the name and address of the plaintiffs attorney.” Although Connolly was represented by counsel at all relevant points, including at the time of service, the summons listed Connolly’s corporate address rather than the name and address of his attorney. More significantly, not one of the summonses was clearly directed to either the corporate defendant, Eclectic, or the individual defendant, Jack Benjamin. With respect to Rule 4(d) (2) requirements for service of process on Eclectic, Connolly failed to deliver a copy of the summons and complaint to an Eclectic officer or appropriate agent at the corporation’s principal place of business, or to “deliver” process to any other authorized agent of the corporation. The summonses were simply left at the home of Eclectic’s president and his wife.[4]
However, it is clear from Benjamin’s affidavit in support of the defendants’ motions for relief from judgment that the summonses and copies of the complaint *207 and statement of damages were actually received. Despite the defects in the summonses, Benjamin was immediately able, on behalf of Eclectic, to contact Connolly’s counsel, acknowledge the corporation’s indebtedness and offer a payment plan by which Eclectic could have made full settlement of Connolly’s claim. Benjamin also appeared, as Eclectic’s president, at an attachment hearing in the trial court, but was informed that he could not represent the corporation. Benjamin averred that at that point, “[sjince I had acknowledged the debt to [Connolly] Accuchem, and Eclectic Foods had agreed to pay the debt, I believed that it was not financially prudent to expend additional sums for attorney’s fees due to the precarious financial position of the corporation.”
While Benjamin’s actions, taken prior to the entry of any default, did not excuse the defects in Connolly’s service of process, they effectively restricted the Rule 60(b) grounds available for relief from judgment, particularly for Eclectic. First, the concept of a void judgment under Rule 60(b) (4) is “narrowly construed.” Harris v. Sannella, 400 Mass. 392, 395 (1987); Baybank v. Sullivan, 1998 Mass. App. Div. 112. A judgment is void where there has been a Mlure of service of process, Farley v. Sprague, 374 Mass. 419, 425 (1978), because the defendant has been deprived of his due process rights to notice and an opportunity to be heard. Hardy v. Utica Mut. Ins. Co., 369 Mass. 696, 699 (1976). Where, however, “service may not have been perfected, but the defendant was actually aware of the litigation at an early stage and chose not to appear,” relief from judgment is not required as a matter of law under Rule 60(b) (4). The Cadle Co. v. Rowe, 2000 Mass. App. Div. 49, 50, and cases cited. Nor were the defendants entitled to Rule 60(b) (6) relief from judgment. Such relief may be granted only upon a showing of “extraordinary circumstances,” Bromfield v. Commonwealth, 400 Mass. 254, 257 (1987), for which relief would be unavailable under Rule 60(b) (1) through (b) (5). Bird v. Ross, 393 Mass. 789, 791 (1985); Gill v. Flynn, 1997 Mass. App. Div. 138, 139. No such circumstances have been advanced herein.
The defendants’ remaining motion pursuant to Rule 60(b) (1) required satisfaction of the familiar criteria for relief from judgment under that subsection of the rule. Berube v. McKesson Wine & Spirits Co., 7 Mass. App. Ct. 426, 430-431 (1979). The defendants did act promptly in filing a Rule 60(b) motion within only five days of the amended judgment and only three months of the original default judgment Bushnell v. Bushnell, 393 Mass. 462, 474 n.25 (1984). However, with respect to meritorious defenses, see generally Finkel v. Natale Rota, Inc., 19 Mass. App. Ct. 55, 57 (1984), the judge may well have considered that Eclectic acknowledged its debt to Connolly after service and had no defense of any kind to counts 1 and 2 of the complaint Further, while Eclectic may have had defenses worthy of consideration to what can only be characterized as Connolly’s questionable G.L.c. 93A claim, Eclectic’s decision not to present that defense in order to avoid incurring legal expenses did not constitute the excusable neglect or mistake prerequisite to Rule 60(b) (1) relief. Lumber Mut. Ins. Co. v. Centore, 1992 Mass. App. Div. 218, 219-220 citing Murphy v. Administrator of Div. of Personnel Adm., 377 Mass. 217, 228 (1979). In short there was no abuse of discretion, Tai v. Boston, 45 Mass. App. Ct. 220, 224 (1998), in the judge’s denial of Eclectic’s motion for relief from judgment
3. However, the defective service of process upon the individual defendant, Jack Benjamin, and the nature of Connolly’s claims against him require a different result The summonses directed to “Jack Benjamin, President of Eclectic Foods” rather than to the defendant individually Med to provide the clear, constitutionally mandated notice to Benjamin that he was being sued and could be held liable in his personal capacity. Benjamin averred that upon becoming aware of Connolly’s lawsuit he did not in fact believe that he could be found responsible for the corporation’s debts. The ambiguity of the summonses supports Benjamin’s assertion, and renders excusable his neglect or mistake in failing to file an answer. Further, *208 Benjamin, as a corporate officer, had no legal liability for the corporate contractual debts which form the basis of Connolly’s action herein. See generally Williams v. Vanaria, 2000 Mass. App. Div. 162, 163-164. With respect to Count 3 of the complaint, Benjamin’s averments that at the time he signed the corporate checks in question, in his capacity as president of Eclectic, he believed the corporation to have sufficient funds in its account constituted a meritorious defense to Connolly’s G.L.c. 93A claim. Benjamin’s Rule 60(b) (1) motion for relief from judgment should have been allowed.
Accordingly, the amended default judgment entered on November 17, 2000 is vacated. The default and default judgments against defendant Jack Benjamin are vacated, and the defendant is granted twenty days from notice of this Opinion to file an answer in this matter. The denial of defendant Eclectic Foods’ motion for relief from judgment and the judgment entered against Eclectic on August 15, 2000 are affirmed.
So ordered.

 See White v. New Hampshire Dept. of Employment Security, 455 U.S. 445, 452 (1982) (“a motion for attorney’s fees is unlike a motion to alter or amend a judgment It does not imply a change in the judgment, but merely seeks what is due because of the judgment It is, therefore, not governed by the provisions of Rule 59 (e).”)

 But cf. Conant v. Sherwin I. Kantrovitz, P.C., 29 Mass. App. Ct. 998, 999 (1990), where proper service was effected by leaving the summons and complaint at the last and usual place of abode of the defendant, who was the sole officer, director and shareholder of the corporation. In the present case, there is no evidence that either Jack or Roberta Benjamin was the sole officer, director or stockholder of Eclectic.