NOTICE:  Summary decisions issued by the Appeals Court pursuant to M.A.C. Rule 23.0, as appearing in 97 Mass. App. Ct. 1017 (2020) (formerly known as rule 1:28, as amended by 73 Mass. App. Ct. 1001 [2009]), are primarily directed to the parties and, therefore, may not fully address the facts of the case or the panel's decisional rationale.  Moreover, such decisions are not circulated to the entire court and, therefore, represent only the views of the panel that decided the case. A summary decision pursuant to rule 23.0 or rule 1:28 issued after February 25, 2008, may be cited for its persuasive value but, because of the limitations noted above, not as binding precedent.  See Chace v. Curran, 71 Mass. App. Ct. 258, 260 n.4 (2008).

COMMONWEALTH OF MASSACHUSETTS

APPEALS COURT

24-P-50

KEN DOWNEY

vs.

LARISSA M. CRANE.[1]

MEMORANDUM AND ORDER PURSUANT TO RULE 23.0

The plaintiff, Ken Downey (father), appeals from an amended judgment of modification of the Probate and Family Court dated May 10, 2023 (amended judgment).  In this appeal, the father argues that the judge erred by entering the amended judgment because the defendant, Larissa M. Crane's (mother), motion to alter or amend the judgment was untimely and the amended judgment contains a "self-modifying" provision.  We affirm except as to the change to the schedule for the mother's weekday overnight parenting time.

---

[1] As is our custom, we use the caption from the father's original complaint for custody, support, and parenting time.  We recognize that the father refers to himself as Kenneth in this appeal.

Background.  The parties' twin daughters were born in 2016.

Six months after their birth, the family moved to Wellesley.

Sometime thereafter, the parties, who had never married, ended

their romantic relationship.

In November 2019, the parties filed a custody, support, and

parenting time agreement, which established an equal parenting

plan.  At that time, the father was living in Wellesley and the

mother was living in Natick.  In 2021, the mother moved to

Marshfield.  Following her move, the mother filed a complaint

for modification and the father filed a complaint for contempt.

On January 9, 2023, after a trial, a judgment issued on the

parties' consolidated complaints (January 2023 judgment).  The

January 2023 judgment provided, in relevant part, that the

mother "shall have parenting time with the children as the

parties may agree, but at a minimum," every Thursday from school

pickup or 5 P.M. until school drop-off on Friday morning (or

until 5 P.M. if school is not in session), and every other

weekend (from Friday at school pickup or 5 P.M. to Sunday at

5 P.M.) (default parenting plan).  The January 2023 judgment

also contained an alternative parenting plan that would go into

effect "[i]f the parties reside within ten (10) miles of each

other."[2]

---

[2] The alternative parenting plan contained the following
provisions:  the mother shall have parenting time with the

2

On February 1, 2023, more than ten days after the entry of the January 2023 judgment, the mother served a verified motion to alter or amend pursuant to rules 59 and 60 (b) of the Massachusetts Rules of Domestic Relations Procedure.[3]  In her motion, the mother requested, inter alia, to change her weekday parenting time to Wednesday (instead of Thursday) overnights if she is unable to locate housing within ten miles of the father, on the asserted basis that it would reduce the children's commute time because their school has half days on Wednesdays. The father opposed the mother's motion.

On May 10, 2023, the judge issued an amended judgment changing the mother's weekday overnights to Wednesdays beginning at school pickup or at 1 P.M. if school is not in session (weekday overnights provision), and, sua sponte, permitting the alternative parenting plan to go into effect if "[the] [m]other stays overnight with the children on school nights at a part-

_____

children "as the parties may agree, but at a minimum," every Wednesday from school pickup or 5 P.M. until school drop-off on Friday morning (or until 5 P.M. if school is not in session), and every other weekend (from Friday at 5 P.M. until school drop-off on Monday morning or at 5 P.M. if school is not in session).

[3] Mass. R. Dom. Rel. P. 59 (e) is identical to Mass. R. Civ. P. 59 (e), 365 Mass. 827 (1974).  Mass. R. Dom. Rel. P. 60 (b) is identical to Mass. R. Civ. P. 60 (b), 365 Mass. 828 (1974).

time residence (for example a leased apartment) within [ten] miles of the [f]ather" (part-time provision).

Discussion. 1. Part-time provision. The father's argument that the part-time provision is an impermissible "'self-modifying' provision of the parties['] parenting plan based only upon a possible future material change in circumstances" fails. Because the father did not file a notice of appeal from the January 2023 judgment which set forth the alternative parenting plan, this issue is waived. In any event, the part-time provision is not a modification; rather, it was a clarification of the manner in which the mother may satisfy the geographical housing requirement for the alternative parenting plan to go into effect.[4] Accordingly, we discern no error.

Judges have the authority to clarify a judgment sua sponte, especially where, as here, the clarification does not materially alter the original judgment. See Mass. R. Dom. Rel. P. 60 (a) ("Clerical mistakes in judgments . . . and errors therein arising from oversight or omission may be corrected by the court at any time of its own initiative"). Cf. Morgan v. Jozus, 67 Mass. App. Ct. 17, 20 (2006) (judge had "authority to clarify" ambiguous order and vacate it sua sponte). Contrast Murray v. Super, 87 Mass. App. Ct. 146, 155-156 (2015) (judge's sua sponte

---

[4] The father does not explain why it is his or the court's concern where the mother resides when she is not parenting.

4

elimination of father's obligation to pay part of bonus as child support was error where change had potential to render child support either too low or too high under guidelines depending on amount of father's bonus in given year).  The mother stated in her motion that she was seeking housing within ten miles of the father but that locating housing that would accommodate herself, her two children, and her four pets was challenging.[5]  Given this potentially high conflict situation between the parties, it was within the judge's discretion to state clearly that the mother's part-time residence within ten miles of the father could trigger the alternative parenting plan so that the mother did not have to find an apartment that allows pets.

2.  <u>Weekday overnights provision</u>.  Unlike the part-time provision, the weekday overnights provision was a modification, rather than a clarification, to the January 2023 judgment. Therefore, we must determine whether the judge had the authority to so modify the January 2023 judgment by the mother's motion. We conclude that the judge did not.

---

[5] We ordered the parties to file a status report whether the mother relocated to a residence within ten miles of the father on either a full-time or part-time basis.  The mother maintains that she relocated to a residence within ten miles of the father's home and lives there on a part-time basis.  The father agrees this is the mother's position but disputes that she is complying with the amended judgment.  We cannot decide this issue; the parties may resolve it through a contempt action.

The mother filed her motion pursuant to rules 59 (e) and 60 (b). Because the motion was served more than ten days after the January 2023 judgment was entered, it was untimely under rule 59 (e). See Lopes v. Peabody, 426 Mass. 1001, 1002 (1997) (rule 59 [e] motion "shall be served not later than [ten] days after the entry of judgment"); Mass. R. Dom. Rel. P. 59 (e). Therefore, the judge could not consider the mother's motion under rule 59 (e). See Peabody, supra. Furthermore, the mother's motion was not entitled to relief under rule 60 (b), as she made no claims applicable to subdivisions (b) (1) through (b) (5), and did not demonstrate any extraordinary circumstances warranting relief under subsection (b) (6). See DeMarco v. DeMarco, 89 Mass. App. Ct. 618, 621-622 (2016); Mass. R. Dom. Rel. P. 60 (b). Accordingly, the judge erred in modifying the weekday overnights provision.

Conclusion. Paragraph 2(a) of the amended judgment is vacated. The matter is remanded for entry of a new judgment restoring the mother's weekday overnight parenting time to Thursday nights as set forth in paragraph 2(a) of the January 2023 judgment. The amended judgment is otherwise affirmed. Pending entry of the new judgment or other order of the Probate

6

and Family Court, the parenting schedule set forth in the amended judgment shall remain in effect as a temporary order.

So ordered.

By the Court (Henry, Smyth &
    Toone, JJ.[6]),

*Paul Little*

Clerk

Entered:  June 10, 2025.

---

[6] The panelists are listed in order of seniority.